UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRADLEY ALAN BERGBY,

    Plaintiff,

v.                                          CASE NO. 6:19-cv-1479-Orl-18JBT

ANDREW M. SAUL,
Commissioner of the
Social Security Administration,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the undersigned on Plaintiff's appeal of an administrative decision denying his application for Supplemental Security Income. In a decision dated September 26, 2018, the Administrative Law Judge ("ALJ") found that Plaintiff had not been under a disability, as defined in the Social Security Act, since February 24, 2016, the date the application was filed. (Tr. 15–23.) Plaintiff has exhausted his available administrative remedies and the case is properly before the Court. The undersigned has reviewed the record, the

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

memoranda, and the applicable law.  For the reasons stated herein, the undersigned respectfully **RECOMMENDS** that the Commissioner's decision be **AFFIRMED**.

### I.     Issue on Appeal

Plaintiff raises the following issue on appeal: "Whether the ALJ failed to adequately consider the testimony of the claimant's mother, a lay witness, as required by the Social Security Regulations."  (Doc. 24 at 3.)

### II.    Standard of Review

As the Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.  We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted).  "With respect to the Commissioner's legal conclusions, however, our review is *de novo*."  *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

### III.   The ALJ's Decision

At step two of the sequential evaluation process, the ALJ found that Plaintiff had the severe impairments of "attention-deficit hyperactivity disorder (ADHD),

autism (Asperger syndrome), and morbid obesity."[2]  (Tr. 17.)  At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listing.  (Tr. 18–19.)  Prior to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC"):

> [T]o perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant can understand, remember and carryout instructions but limited to perform simple, routine and repetitive tasks not at a production rate pace (e.g. assembly line work); use judgment is limited to simple work-related decisions; respond appropriately to supervisors: occasional; respond appropriately to coworkers: occasional; respond appropriately to public: occasional; dealing with changes in work setting: limited to simple work-related decisions.

(Tr. 19–20.)

At step four, the ALJ found that Plaintiff had no past relevant work.  (Tr. 22.)  At step five, the ALJ found that considering Plaintiff's age (26 years old on the date the application was filed), education, work experience, and RFC, jobs existed in significant numbers in the national economy that Plaintiff could perform.  (Tr. 22–23.)  Therefore, Plaintiff was not disabled.  (Tr. 23.)

### IV.  Analysis

Plaintiff argues that the ALJ erred in failing to adequately consider the testimony of his mother.  (Doc. 24 at 4–5.)  Plaintiff notes that the ALJ did not state what weight he was assigning to Plaintiff's mother's testimony.  (*Id.* at 4.)  The

---

[2] The sequential evaluation process is described in the ALJ's decision.  (Tr. 16–17.)

3

undersigned recommends that the Court reject this argument because it is clear that the ALJ discounted Plaintiff's mother's testimony, just as he did Plaintiff's testimony. Moreover, to the extent there was any error, the undersigned recommends that it was harmless.

In discounting Plaintiff's allegations, the ALJ stated:

> After carefully considering the entire record, the undersigned finds that the objective medical evidence discussed herein fail to support the extent and severity of the limitations as alleged by claimant. Accordingly, the evidence of record is void of compelling documentation suggesting that the claimant's condition is so severe as to totally prevent his ability to perform a range of unskilled work activity at all exertional levels.

(Tr. 21.)

The undersigned recommends that the above finding sufficiently, albeit implicitly, rejects the testimony of Plaintiff's mother. A similar case is *Allen v. Schweiker*, 642 F.2d 799, 801 (5th Cir. 1981),[3] in which the plaintiff argued on appeal that the ALJ erred in failing to make adequate findings regarding the credibility of his former wife. In rejecting that argument, the court stated:

> The judge specifically found that Allen's testimony, the primary evidence in support of his allegation of pain, was not credible. He also found that Allen's "impairments (which included 'a Personality Disorder and complaints of pain in his eyes') do not prevent him from performing certain jobs . . . ." Thus, there was a clear, though perhaps implicit, rejection of the subjective testimony as to the disabling nature of Allen's pain. While the findings

---

[3] This case is binding precedent. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting all decisions of the former Fifth Circuit issued before October 1, 1981 as binding precedent in the Eleventh Circuit).

4

>  in this case could be improved upon, they are sufficient for this Court to determine the denial of benefits is supported by substantial evidence.

*See also Osborn v. Barnhart*, 194 F. App'x 654, 666 (11th Cir. 2006) ("Even if the ALJ fails to make an explicit credibility determination as to a family member's testimony or statements, however, we will not find error if the credibility determination was implicit in the rejection of the claimant's testimony.").[4]

Moreover, the undersigned recommends that to the extent there was any error, it was harmless because the ALJ's decision is adequate for meaningful review, and remand would be a useless exercise. *See Iordan v. Comm'r, Soc. Sec. Admin.*, 579 F. App'x 775, 779 (11th Cir. 2014) ("Finally, remanding this case solely to require the ALJ to explicitly address [Plaintiff's fiancée's] testimony would be a waste of judicial resources, because his statements did not undermine the substantial medical evidence supporting the ALJ's disability determination.").

Finally, the undersigned recommends that the case cited by Plaintiff, *Lucas v. Sullivan*, 918 F.2d 1567 (11th Cir. 1990) is distinguishable because reversal in that case was based on a number of other independent grounds. Although the court instructed the ALJ on remand to be more explicit in addressing witness testimony, the court did not decide whether such deficiency alone would have

---

[4] Although unpublished Eleventh Circuit decisions are not binding precedent, they may be persuasive authority on a particular point. Eleventh Circuit R. 36-2 (2019). *See, e.g., Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1355 (11th Cir. 2018) ("Unpublished cases do not constitute binding authority and may be relied on only to the extent they are persuasive.").

provided a basis for reversal.[5]

### V. Conclusion

The Court does not make independent factual determinations, reweigh the evidence or substitute its decision for that of the ALJ. Thus, the question is not whether the Court would have arrived at the same decision on *de novo* review; rather, the Court's review is limited to determining whether the ALJ's findings are based on correct legal standards and are supported by substantial evidence. Applying this standard of review, the undersigned respectfully recommends that the Commissioner's decision be affirmed.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Commissioner's decision be **AFFIRMED**.

2. The Clerk of Court be **DIRECTED** to enter judgment accordingly and close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on March 13, 2020.

_____
JOEL B. TOOMEY
United States Magistrate Judge

---

[5] Moreover, the holding in *Allen* controls over *Lucas* to the extent that there is any inconsistency between the two. "Under [the prior panel] rule, a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*." *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008).

Copies to:

The Honorable G. Kendall Sharp
Senior United States District Judge

Counsel of Record